Watson *v.* Atwood.

| 25 | 313 |
|---|---|
| 66 | 595 |
| 25 | 313 |
| 73 | 375 |

## WATSON *vs.* ATWOOD.

Where, on the trial of an action for fraud, in which the plaintiff claimed, that induced by false representations of the defendant, as to the title of the defendant's son to certain lands, he had accepted a deed of such lands from the defendant's son, and conveyed to him his own lands in exchange therefor, the deeds in both cases containing the usual covenants, the defendant offered evidence to prove, both by way of defense to the action and in reduction of damages, that the plaintiff at the time of such exchange, had no title to a part of the lands conveyed by him; it was held, that such evidence was inadmissible

Where, on such trial, the defendant claimed that the plaintiff had been culpably negligent, in not searching the public records, and therefore was not entitled to recover for any defect of title which might have been discovered on such search, whatever fraudulent representations or concealments the defendant might have made; and the court instructed the jury substantially, that it was the duty of the plaintiff to exercise ordinary care to ascertain the title to the lands he was about to purchase, and that if they should find that he did not, their verdict must be for the defendant: it was held, that the defendant had no cause to complain of the charge, as it was much more favorable than he had a right to require.

A deed of the comptroller of the state of New York, purporting to convey lands situated in that state and sold for taxes, and which by the statute of that state

is made presumptive evidence that he had authority to sell and convey the land described in such deed, and that all proceedings required by law to be had prior to the execution of such conveyance, have been had, is admissible for the same purpose, and has the same effect, in the courts of this state, as in those of the state of New York.

THIS was an action for fraud. The plaintiff in his declaration alledged that he and the defendant entered into an agreement in writing, for an exchange of certain lands situated in the state of New York, and that the defendant, in carrying said agreement into effect, falsely and fraudulently represented and affirmed to the plaintiff, that the lands described in the agreement as belonging to him, were held in trust for him by his son John B. Atwood, who was the owner thereof in fee simple, and by his deed could give the plaintiff a good title to the same, and that the plaintiff relying upon the truth of those representations, was induced to accept the deed of the son, purporting to convey to the plaintiff the defendant's lands, in fee simple, with the usual covenants ; and that at the request of the defendant, he, the plaintiff, conveyed to the said John B. Atwood the plaintiff's lands with the usual covenants.

The plaintiff further averred that a large portion of the lands described in the deed of John B. Atwood, were not owned by him, and some of them had previously been sold for taxes ; that at the time of executing said deed he was destitute of property, and was, and still remained wholly irresponsible on his covenants ; all which was well known to the defendant.

Upon the trial of the case, before the superior court at the March term 1856, the defendant claimed that the lands conveyed by his son to the plaintiff, were owned by the son, and not holden in trust, and that in making the agreement with the plaintiff, he acted as the agent of his son. And as well by way of defense to the action, as in reduction of damages, he offered evidence to prove that a part of the lands described in the plaintiff's deed to John B. Atwood, were not owned by the plaintiff at the time of the execution of the deed. But it was not claimed that the plaintiff was insolvent, or not fully responsible for any damages that the said John B. Atwood

might recover against him on the covenants in the deed, or otherwise, by reason of any alleged misrepresentations or deficiency in the quantity of land conveyed. The plaintiff thereupon objected to the admission of the evidence, and the court excluded it.

The plaintiff for the purpose of showing that John B. Atwood had no title to a part of the lands embraced in his deed to the plaintiff, offered in evidence a duly authenticated copy of a deed from the comptroller of the state of New York, purporting to have been given upon the sale of those lands for taxes, accompanied with the revised statutes of that state relating to such conveyances, in which it was provided that every conveyance of land sold for taxes, executed by the comptroller, shall be presumptive evidence that he had authority to sell and convey the land described in it, for arrears of taxes charged therein, and that all proceedings, things and notices, required by law to be had, done, or given, prior to the execution of the conveyance by the comptroller, have been had, done and given, as required by law, but such presumption may be rebutted by any legal evidence, &c.

To the introduction of the deed in evidence, the defendant objected, on the ground that the plaintiff must show that all the legal steps had been taken which authorized the conveyance, but offered no evidence to show that such steps had not been taken. The court overruled the objection and admitted the deed as presumptive evidence of the sale, and the regularity of the prior proceedings.

It was not claimed by the plaintiff that he had caused any search to be made of the county records in relation to the title of the lands described in the deed to him, but had relied upon the representations made by the defendant.

The agreement for the exchange of lands was made in the town of Olive, in the county of Ulster, in which the lands were situated, and fourteen miles from Kingston, where the records of that county were kept. One witness, an attorney at law, testified that it had not been the practice in that county for a person to purchase lands, without causing a search of the county records to be made, either by his attor-

ney or the county clerk. Two other witnesses testified, that it was very unusual for persons residing in the town of Olive, or elsewhere out of the town of Kingston, upon taking a conveyance with warranty, to incur the expense of a search of the land records of the county ; that such searches were very expensive and attended with much delay, and in that case, the expense would have been large, and the time occupied from two to six days. One of them further testified, that, at the time of the exchange of deeds, the defendant expressed a desire to have the business transacted without delay, as he had barely time to reach Kingston in season for the boat, on his return to Connecticut.

The defendant thereupon insisted that the plaintiff had been culpably negligent, and was not entitled to recover, by reason of any defect of title, which might have been discovered on such search, whatever might have been the fraudulent representations or concealments on the part of the defendant, and asked the court so to charge the jury.

Upon this part of the case, the court instructed them, that it was the duty of the plaintiff to have exercised ordinary care and caution to ascertain the title of the land he was about to purchase, and if he did not, he was in fault. But that it was a question of fact, for their determination from all the evidence before them, whether there was any want of care, or whether there had been any culpable negligence on the part of the plaintiff, in omitting under all the circumstances, to incur the expense and delay of a search, and in relying on the representations made by the defendant, and unless they should so find, their verdict must be for the plaintiff, if they should find the other issues in his favor, otherwise for the defendant.

The jury having returned a verdict in favor of the plaintiff, the defendant moved for a new trial, and the questions of law were reserved for the advice of this court.

*Blackman* and *E. S. Ives*, in support of the motion.
1. The deposition offered by the defendant should have

been received in evidence to show the character of the transaction on the part of the plaintiff, and to affect the question of damages.

This deposition shows fraudulent conduct on the part of the plaintiff, material to the issue, which should have been submitted to the jury.

2. The record of the comptroller's deed should not have been submitted to the jury until the evidence had first been presented to them, showing that the various legal steps had been taken by the comptroller, authorizing him to execute a deed of the land described in the record of his deed on file. 1 Revised Statutes N. Y., pp. 53, 391, 407, 8, 9, 411.

3. It appearing in evidence that the records of the title of these lands, and of any incumbrance upon them for taxes unpaid, were more accessible to the plaintiff than to the defendant, in not searching them he was guilty of such negligence and indifference to the ordinary means of information as justly to debar him from recovering in this action, upon the claim that the defendant did know, and that he the plaintiff did not know that the title was not in John B. Atwood. 2 Kent's Com., 484.

*Baldwin* and *Westbrook* of New York, against the motion.

I. The deposition was properly rejected as irrelevant.

1. The defendant set up in his notice and testified, that the lands agreed to be exchanged with the plaintiff, belonged to his son John B. Atwood, for whom he acted as agent. The fraud sought to be proved was an injury to John B. Atwood, and not to the defendant.

2. A set-off of damages on that account if allowed in this action to the plaintiff, would be no bar to an action by John B. Atwood.

II. The copy of the record of the comptroller's deed was properly admitted. 1. It was not objected to on the ground that the original deed should have been produced; nor on the ground that the taxes had ever been paid; but on the ground that the plaintiff must first show that all the legal

steps to authorize the comptroller to execute the deed had been taken.

On this part of the case the plaintiff had to prove, 1. The fraudulent representations by defendant, that the taxes were paid &c., when he knew they were not; 2. That plaintiff had lost his title by reason thereof.

The first he proved by other evidence. To prove the second, he properly had recourse to the law of the *situs*, and to the deed of the public officer in behalf of the state on record there, which by that law is expressly made " presumptive evidence," that the sale and all proceedings prior thereto from and including the assessment, &c. were regular. And the case finds that the defendant neither offered any evidence to the contrary, nor claimed that in point of fact all such steps had not been taken.

◆ The statute was enacted to obviate the inconvenience of the old law, by making the comptroller's deed presumptive evidenec. *Curtiss* v. *Follet*, 15 Barb., 338. *Hand* v. *Ballou*, 2 Kernan., 541.

The production of that record showed, that by the laws of the *situs*, the plaintiff had been presumptively deprived of his land, by a valid sale for pre-existing taxes.

" In relation to immovable property inasmuch as the rights and titles thereto are generally admitted to be governed by the law of the *situs*, and as suits and controversies touching the same *ex directo*, belong to the forum of the *situs*, it would seem to be a just, if not an irresistible conclusion, that the law of evidence of the *situs*, touching such rights, titles, suits and controversies must and ought exclusively to govern in all such cases." Story Conflict of Laws, sec. 630 b. *Tulloch* v. *Hartley*, 1 Y. & M. New Cas. in Cha., 114, 115.

III. The charge of the court that it was the duty of the plaintiff to have exercised ordinary care and caution to ascertain the title of the land he was about to purchase, and that if the jury should find from all the evidence before them that he did not, their verdict must be for the defendant, was at least as favorable to the defendant as he could require.

He was not bound to incur the expense and delay of an examination of the records of the county, but had a right to rely on the representations of the defendant. *Monell* v. *Colden*, 13 Johns, 395. *Culver* v. *Avery*, 7 Wen., 380. In both of the cases cited the falsity of the representations could have been ascertained by an examination of the records.

WAITE, C. J. The plaintiff having executed a deed of his lands to John B. Atwood, became liable to him for the damages arising from a breach of the covenants contained in that deed. And if the defendant were allowed to set off those damages against the plaintiff's demand in the present suit, it would be no bar to any suit that might be brought against the plaintiff by John B. Atwood, as he is no party to the present suit. Such a set-off might have the effect of subjecting the plaintiff twice to the payment of those damages; to the defendant, and to his son.

Upon no principle therefore, can the defendant avail himself of the benefit of those damages, so long as the plaintiff continues liable to pay them to another person.

With respect to the deed of the comptroller of the state of New York, its admissibility must depend upon the laws of that state, in which the lands are situated. If, by those laws, it would be admissible there, it is admissible in this state and has the same effect here that it would have there, in a controversy respecting the title of the lands purporting to be conveyed thereby.

It is for each state to prescribe the mode and manner of transferring real estate situated within its limits, and all deeds of conveyance must be made to conform to the laws thus prescribed.

In this state a deed of lands to be effectual must be attested by two witnesses, and no deed, not thus attested, will prove a transfer of real estate here, wherever it may be made or in whatever court it may be offered in evidence.

If the deed in question was sufficient in the state of New

Watson *v.* Atwood.

York, to prove title in the grantee, and afford presumptive evidence of the legality of all the preceding acts in relation to the sale, it must have the same effect here and in every other state, in a controversy respecting the lands which the deed purports to convey.

It however merely throws the burden of proof upon the defendant, to show the illegality of these previous proceedings in order to invalidate the deed. As that was not done, the deed was properly admitted in evidence.

The charge to the jury in relation to the care and diligence required on the part of the plaintiff, is one, of which the defendant has no cause for complaint. It was much more favorable to him than the law requires.

It is an extraordinary defence for a man, when sued for making a false and fraudulent representation, respecting the title of another, by which the purchaser became deceived and defrauded, to say to him you can not recover, because by searching the records you might have discovered the falsity of my representations; in other words, because you believed what I stated to be true, and acted accordingly without further evidence.

The very object in making those representations, was to throw the purchaser off his guard, and induce him to act upon them without further enquiry. And the very foundation of the plaintiff's claim is, that he believed those representations to be true, and was thereby induced to act as if they were so, and thus became defrauded.

We do not advise a new trial.

In this opinion, the other judges, Storrs and Hinman, concurred.

New trial not advised.