### CHARLES H. DAVID *vs.* WILLIAM H. PARK.
### DANIEL T. BUTTRICK & another *vs.* SAME.

An action may be maintained by the buyer of a patent right on false representations of the seller, which induced the purchase, as to what was covered by the patent, or what was not covered by an earlier patent; although by searching the records of the patent office the buyer might have discovered the fraud.

An action for deceit in the sale of patent rights may be maintained in a state court, although its determination involves collaterally the construction and validity of the letters patent.

TWO ACTIONS OF TORT for deceit. The declaration in the first action alleged that the defendant, to induce the plaintiff to purchase his rights, in certain towns, under letters patent of the United States for an "improvement in well tubes," represented to the plaintiff that the patent included a certain apparatus for driving down well tubes, and the defendant was possessed of the exclusive right to said apparatus; but that the representations were false and known by the defendant to be so; and that the plaintiff, being induced by the false representations, bought said rights under said letters patent. The declaration in the second action alleged that the defendant, to induce the plaintiffs to purchase his rights, in certain other towns, under the letters patent above mentioned, exhibited to the plaintiffs the above mentioned apparatus, and represented to them that there was

no patent on said apparatus, and that the plaintiffs could use the same without infringing any patent; but that these representations were false and known by the defendant to be so; and that the plaintiffs, being induced by such false representations, bought said rights under said letters patent.

The actions were tried together, in the superior court, before *Rockwell*, J., when the plaintiffs introduced evidence tending to show that the defendant represented to the plaintiff in the first suit that the exclusive right to use the said apparatus was covered by the patent, his rights in which he was proposing to sell; that he represented to the plaintiffs in the second suit that said apparatus was not covered by any patent; that the plaintiffs in both actions were induced by these representations to purchase said rights; and that in fact said apparatus was covered by letters patent issued before those under which the defendant claimed, and the defendant knew it.

The judge ruled that the evidence would not support the actions; and directed verdicts for the defendant. The grounds of this ruling and direction, as stated by the judge, were: " The statement of the defendant was not a statement of any fact within his exclusive knowledge; and the plaintiffs might, and ought to, have ascertained whether the statements were true or not. It seems to be a case involving questions of construction and conflict of patent rights, and the question whether or not there was a previous patent for the same thing; said questions not being within the jurisdiction of the court." The jury returned verdicts for the defendant, according to this direction; and the plaintiffs alleged exceptions.

*T. L. Livermore*, for the plaintiffs.

*J. H. Butler*, for the defendant.

GRAY, J. Neither of the grounds assigned by the learned judge who presided at the trial, for the ruling under which a verdict was returned for the defendant in each of these cases, is tenable.

1. The evidence introduced tended to show that the defendant falsely and fraudulently stated, as of his own knowledge, and not as matter of opinion, in the one case, that he had the inter

est in the patent right which he undertook to sell, and in the other, that the invention was not covered by any other patent. A distinct statement of such a fact by a seller, knowing it to be false, and with intent to deceive the buyer, and on which the buyer acts to his own injury, will sustain an action of deceit, even if the buyer might have discovered the fraud by searching the records of the patent office.  *Brown* v. *Castles*, 11 Cush. 348.  *Manning* v. *Albee*, 11 Allen, 520 ;  *S. C.* 14 Allen, 7. *Watson* v. *Atwood*, 25 Conn. 313.

2. Questions of the existence, validity or construction of letters patent for inventions, when arising collaterally in a suit in a state court, must be there tried and determined.  *Nash* v. *Lull*, 102 Mass. 60.                    *Exceptions sustained*