JOSEPH H. GALLON *vs.* EDWARD J. BURNS ET AL.

Third Judicial District, New Haven, June Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

In an action to recover damages for false representations as to the financial condition of a corporation whose worthless stock the plaintiff was thereby induced to purchase, the trial judge in his charge referred to one of the defendants as a director and secretary of the company, when as matter of fact he was its secretary but not a director. *Held* that this reference was clearly an inadvertence which could not have misled the jury or worked any harm to the defendants.

The defendants contended that inasmuch as the plaintiff had an opportunity to examine the books of the company and failed to do so, he could not recover for their false representations as to its financial condition. *Held* that the principle thus invoked, if accepted as the law of this State, was nevertheless subject to the qualification that the person deceived must have stood upon an equal footing with those making the false representations,—a condition which did not exist in the present case, as the defendants were stockholders and, either as officers or directors, had full knowledge of the extent of the company's business and of its financial status, while the plaintiff had no information whatever upon that subject.

Argued June 6th—decided July 6th, 1917.

ACTION to recover damages for the alleged fraud of the defendants in inducing the plaintiff to purchase worthless shares of stock in a corporation in which they were interested, brought to the Superior Court in New Haven County and tried to the jury before *Greene, J.;* verdict and judgment for the plaintiff for $1,107, and appeal by the defendants. *No error.*

*Charles T. McClure* and *Hugh J. Murphy,* for the appellants (defendants).

*Robert J. Woodruff* and *James J. Palmer,* for the appellee (plaintiff).

SHUMWAY, J. The complaint alleges that the defendants made certain false and fraudulent representations to the plaintiff whereby he was induced to purchase shares of the capital stock of a corporation called The Burns-Thomas Company, organized to carry on the business of selling and repairing automobiles. The defendants in their answer deny the making of representations alleged in the complaint. On the trial to the jury the issues were found for the plaintiff, and from a judgment in his favor the defendants appeal, assigning as error the court's failure to give proper instructions to the jury.

The defendant Burns was secretary and a stockholder, and the defendant Thomas was a director and stockholder, of the Burns-Thomas Company. The court in the charge used language that may be construed as a statement that Burns was a director and secretary. He was not a director. The defendants complain that the court's remark misled the jury to their harm. The remark was made in connection with the instructions given relative to the duty of the plaintiff to make an investigation for himself in order to ascertain the truth or falsity of the defendants' representations as to the condition of the company. The court said: "If with such superior means of information the defendants made false statements to the plaintiff with the intent to deceive him" and the plaintiff, "relying on their better means of information, went on depending upon the truth of their statements, they cannot escape liability merely because it would have been possible for the plaintiff to have obtained the information which would have saved him from losing his money."

It is clear that the court's reference to Burns as a director of the company was an inadvertence and did the defendants no harm. There was nothing to in-

dicate that the court intended to intimate that a director of the company would have any better information as to the financial condition than the secretary.

The defendants also complain of the above-quoted passage because, as they say, the court removed a question of fact from the jury, as it was for the jury to determine whether the plaintiff should have made an independent investigation as to the condition of the company, instead of relying on the defendants' representations.

This claim of the defendants embraces essentially all the errors set out in the ten reasons of appeal, and it is unnecessary to consider them separately. Where fraud and deceit is the ground of action, it must be proved "that the representation was made as a statement of fact; that it was untrue and known to be untrue by the party making it; that it was made for the purpose of inducing the other party to act upon it; and that the party to whom the representation was made was in fact induced thereby to act to his injury." *Barnes* v. *Starr*, 64 Conn. 136, 150, 28 Atl. 980. The trial court in its charge followed this statement of the law, but the defendants claim that the court erred because it omitted to charge the jury "that if they found the plaintiff was able to make an independent investigation of his own concerning the financial condition of the Burns-Thomas Company, then he could not recover in this action under his pleadings."

The defendants state the point in their brief in this manner: "The plaintiff was bound to use reasonable diligence to ascertain the condition of the Company." Notwithstanding the claim of the plaintiff that he had been induced to purchase worthless stock of the Burns-Thomas Company through false representations of the defendants, the defendants insisted that as it appeared in evidence that the plaintiff had an opportu-

nity to examine the books of the company and failed to do so, he could not recover in this action. The early case of *Sherwood* v. *Salmon*, 5 Day, 439, does not appear to have been questioned in this State. In that case, in an opinion by JUDGE SWIFT, the court says (p. 448): "I apprehend no authority can be found to warrant the doctrine, that a man must use due diligence to prevent being defrauded, otherwise he shall be entitled to no remedy. The truth is, redress is most commonly wanted for injuries arising from frauds, which might have been prevented by due diligence. . . . In such impositions and deceits where common prudence may guard persons against the suffering from them, the offence is not indictable, but the party is left to his civil remedy for redress of the injury that has been done him." It is possible that that statement of the law might not be regarded as correct in other jurisdictions, and it has sometimes been said that where a party deceived can protect himself by ordinary care, it is his duty to do so; but it is with this qualification, that he must have equal means of knowledge and be equally able to judge of the matter for himself, and to stand upon an equal footing with the one using deceit or making the representations; then if he acts without exercising the means of knowledge open to him, he does so at his own peril.

It matters not in this case which rule is applied, for the plaintiff and defendants were not on the same footing with respect to information as to the extent and character of the business of the Burns-Thomas Company, and it would have been erroneous for the court so to have charged the jury. Both Burns and Thomas were stockholders, one the secretary, the other a director, having full knowledge of the extent of the business and of the condition of the company, while the plaintiff had no information whatever. The court did not err in

omitting to instruct the jury that the plaintiff could not recover in this action if he had an opportunity to examine the books of the company and he failed to do so.

The jury were properly instructed that if they found that the plaintiff relied on the false representation of the defendants that the business was in a sound and healthy condition, and the other false statements the plaintiff claimed to have proved, and was thereby induced to buy the stock, he was entitled to a verdict. If a person buys property having a defect known or visible to the buyer, it would be absurd to hold or find as a fact that he relied upon a statement in making the purchase that was contrary to what was known to him to be true. There was no obligation on the part of the plaintiff to examine the books of the company to find out that the defendants were lying, certainly not if, as claimed, he was told by the defendants the books would corroborate their statements as to the prosperous condition of the company.

There is no error.

In this opinion the other judges concurred.