LOUIS WHITE *vs.* EDWIN A. MILLER ET AL.

First Judicial District, Hartford, January Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 14th—decided March 3d, 1930.

*Charles S. Hamilton,* with whom was *Daniel J. Danaher,* for the appellants (defendants).

*Josiah H. Peck,* with whom was *Reuben Taylor,* for the appellant (plaintiff).

HAINES, J.  These appeals concern a judgment on the first six counts of the complaint, which are for six months' rent, April to September both inclusive.  By way of counterclaim the defendants sought cancellation of the lease and damages for fraudulent representations inducing its execution, but no claims upon the counterclaim or upon the seventh count of the complaint are pursued by counsel upon this appeal.  Unless otherwise indicated, "defendants" will herein refer to Edwin A. and Elizabeth Miller only.  The plaintiff as owner of certain store property at 52 Winthrop Street in Hartford, leased it on February 14th, 1921, to the defendants, who occupied the premises from April 1st, 1921, to about August 1st, 1926, paying the rent required by the lease up to April 1st, 1926.  On August 1st, 1926, the defendants vacated the premises and notified the plaintiff that they intended to occupy them no further, and

that they had left the key in the door of the store. The plaintiff has never accepted the surrender and the premises have remained vacant though the plaintiff could, with reasonable diligence, have rented them for $40 per month.

In addition to the foregoing, the trial court found that Winthrop Street was not a generally used thoroughfare but was of comparatively minor business importance, coming to an abrupt end at a railroad cut a short distance beyond the store in question. The store was adjacent to property occupied by the Goodyear Tire Company and for that reason was considered an advantageous location for the defendants' business, which was that of selling automobile accessories; and the defendants were permitted by the plaintiff, after a short occupation, to also sell gasoline. On these facts the parties are in practical accord. The court further found that before the lease was executed, the plaintiff told the defendants that the city of Hartford had plans for extending Winthrop Street north across the railroad tracks, making it a through street and this would render the premises in question more desirable as a business location, and that the defendants relied upon and believed these statements and did not attempt to ascertain whether the city had in fact any such plans. The defendants seek to add the further finding that they relied entirely upon these statements of the plaintiff, knowing he had greater and better information than they, who were residents of Meriden and had no knowledge of the desirability of business sites in Hartford. A reading of the evidence, all of which is before us, does not, under our rules, justify any further addition than the fact that the defendants were residents of Meriden at and before the time the lease was executed. Defendants seek several further additions to the finding, but many of them are unimportant and the evidence shows

none of materiality which are undisputed or admitted facts.

Stripped of its lengthy and argumentative setting, the defense in this case is that the plaintiff induced the defendants to enter into this lease by known false and fraudulent statements as to the plans of the city affecting this street, and so was not entitled to judgment against the defendants. And it is further claimed as matter of law that in any event such loss of rental as the plaintiff has suffered because of his failure to mitigate the damages by reasonable effort to procure other tenants after the defendants vacated the premises, must be borne by the plaintiff himself.

From the very conflicting and the flatly contradictory claims of law and fact which the trial developed, the court reached the conclusion that the defendants had not established their claim of fraud, because they had, in any event, ample opportunity before the lease was executed, of which they did not avail themselves, to learn the actual facts concerning the plans of the city, and because under the same conditions, they had occupied the premises for more than five years and had long paid the rent required by the terms of the lease, and lastly for the sufficient reason that the inducing cause of their making the lease, was the nearness of the store to the Goodyear Tire Company.

In one form or another, all these reasons are assigned as error upon the defendants' appeal. The record shows that the city was considering such improvements but that specific plans therefor had never been adopted. Apparently both parties believed the work was to be done, and that explains why the defendants continued their occupancy for five years and paid rent while suffering, as they now claim, a continuous monthly loss. If the finding means that the plaintiff falsely told the defendants, as an existing fact within his knowledge, that the

city had decided to carry out certain plans, the conclusion that the defendants had ample opportunity to investigate and determine the truth or falsity of such statement, would not suffice to defeat the legal claim based upon false representations. "Every contracting party has an absolute right to rely on the express statement of an existing fact, the truth of which is known to the opposite party, and unknown to him, as the basis of a mutual engagement; and he is under no obligation to investigate and verify statements, to the truth of which, the other party to the contract, with means of fuller knowledge, has deliberately pledged his faith." *Mead* v. *Bunn,* 32 N. Y. 275, 280; *Watson* v. *Atwood,* 25 Conn. 313, 320; *Stevens* v. *Giddings,* 45 Conn. 507, 513; *Loverin* v. *Kuhne,* 94 Conn. 219, 226, 108 Atl. 554; *Gallon* v. *Burns,* 92 Conn. 39, 42, 101 Atl. 504; *David* v. *Park,* 103 Mass. 501, 503. To that extent there was error. This however cannot avail the defendants upon this appeal for the reason that the court has further found, and we think the finding must stand, that the inducing cause of the lease was the belief of the defendants that proximity to the Goodyear Tire Company would be advantageous to their business of selling automobile accessories. This, in any event, deprives the defendants of any benefit of the claim of false representations to avoid the lease.

Turning to the plaintiff's appeal: The court held that the plaintiff was himself responsible for the loss of $40 per month of rent, because of his failure to make reasonable efforts to relet the premises to other tenants after the defendants had vacated. It should be remembered that this is an action on a contract for rent, and not one for damages for its breach. The court has found against the defendants' claim of fraud in procuring their signature to the lease, and its attempted rescission by them was not accepted by the plaintiff, so

that it remained during this period of six months, an existing contract between the parties. The plaintiff was under no legal obligation to relet the premises, but if he had done so, the rent received from the new lessee would have enured to the benefit of these defendants. "A notice by a tenant that he will pay no more rent does not vary the relations of the landlord and himself." We cannot therefore sustain the ruling in this regard. *Miller* v. *Benton*, 55 Conn. 529, 545, 18 Atl. 678; *Boardman Realty Co.* v. *Carlin*, 82 Conn. 413, 416, 74 Atl. 682.

There is no error on the defendants' appeal. There is error on the plaintiff's appeal; the money judgment on the first six counts of the complaint is set aside and the cause remanded with direction to enter judgment thereon for the plaintff for $900 with interest and costs, the remainder of the judgment as originally rendered by the trial court to stand.

In this opinion the other judges concurred.