WILLIAM J. HERRINGTON *v.* J. RALPH JONES *et al.*

(No. 8274)

Submitted February 26, 1936.   Decided March 10, 1936.

*E. G. Smith* and *John B. Smith,* for appellant.
*C. C. Davis* and *Powell & Clifford,* for appellees.

HATCHER, PRESIDENT:

In this suit, the plaintiff seeks the restraint of the prosecution of an action against him upon a note, the cancellation of the note, the reformation of a deed of trust securing the note, and other ancillary relief.   The circuit court sustained a demurrer to the bill and its amendments.

The bill, as amended, alleges that in April, 1931, J. R. Jones, president of and acting for the Bridgeport Bank, negotiated the conditional sale to plaintiff of a property called Tourist Home; that the price agreed was $8,000.00, to be secured only by a deed of trust on that property; that it was also agreed that if plaintiff was not satisfied with the deal, after reasonable trial of the property as a tourists' home, he should return it to the bank and be absolved from payment therefor; that Jones, upon his own suggestion, had prepared a deed, deed of trust and note which he presented to plaintiff representing that they embodied the agreement; that plaintiff is a bricklayer and

unlettered in law; that Jones and plaintiff were both thirty-second degree Masons and by reason thereof, plaintiff reposed special trust in Jones and executed the papers so tendered, believing that they correctly recited the agreement; that plaintiff renewed the note in October, 1931, and in January, 1932; that he learned for the first time in February, 1932, that his liability on the note was personal and unlimited; that being "short of sufficient proof to overcome said papers," he renewed the note in April, 1932; that the value of the Tourist Home declined, plaintiff became dissatisfied with his purchase and refused to renew again the note; and that the bank refused his request to rue back or to reform the papers, and brought an action on the note in October, 1932.

The trial chancellor held that the real relief sought by plaintiff was cancellation of his note; and that he could defend against the note in the law action upon the same ground (fraud) presented here. Plaintiff contends that even so, the remedy at law is not complete, in that law will not reform or cancel the papers, or divest him of title to the Tourist Home and vest the title in the bank.

We concur with the chancellor. A successful defense in the action on the note would terminate the monetary liability of plaintiff on the deal. By his voluntary deed he could confer on the bank his titular interest in the Tourist Home. Furthermore, equity will not take jurisdiction of every case of misrepresentation. Equity disfavors the careless or the credulous. The party allegedly aggrieved must have been justified in relying on the representation. Pomeroy Eq. Juris., (4th Ed.) sec. 891. Mr. Pomeroy says that when one has the opportunity of making an examination "he is charged with the knowledge which he necessarily would have obtained if he had prosecuted it with diligence." Sec. 892. Accord: *Jones* v. *McComas,* 92 W. Va. 596, 610, 115 S. E. 456. Plaintiff does not allege that he had no opportunity to examine the papers presented to him by Jones. In view of the high degree in Masonry attained by plaintiff, we assume that he has as least average intelligence. The deed and the deed of trust are in the usual forms and are not involved. Had

plaintiff read them—a duty imposed by law—he necessarily would have observed that they contained no personal limitation and no optional covenant. Equity cannot sanction such neglect of legal duty.

The ruling is affirmed.

*Affirmed.*