The plaintiffs are appealing from the trial court's refusal to award them any damages stemming from the abandoning and reletting of certain premises located in Rocky Hill, Connecticut.
The factual situation here does not appear to be in dispute. The defendant leased the above premises from the plaintiffs' predecessor in title for a period of five years commencing September 1, 1966. This lease was extended for an additional five-year period. It provided for a monthly rental of $340 plus $12 per month toward real estate taxes and an amount for payment of water rents. The defendant abandoned the premises in June, 1973, and ceased paying rent in August, 1973. The plaintiffs relet the premises for a five-year term beginning March 1, 1974, to another tenant. Under the terms of the lease, the new tenant was to pay a monthly rental of $500 plus real estate tax increases and an amount for payment of water rents.
The trial court determined that the plaintiffs were entitled to damages in the following amounts: rent due from September 1, 1973 to March 1, 1974, $2040; taxes, $72; water rents, $328.85; glass replacement *Page 525 
cost, $115.38; repairs to walls and ceilings, $63.02; and a real estate commission to relet the premises, $500. These amounts total $3119.25.
The trial court, however, did not award these damages to the plaintiff because it concluded that the defendant was entitled to a credit of $4800, the difference between the rents due under the defendant's lease ($340 per month for 30 months) and the rents received from the new tenant ($500 per month for 30 months). For the same reason the court refused to award attorneys' fees as provided in the lease. Accordingly, the trial court rendered judgment for the defendant. Whether the court was justified in crediting the excess rents received from the new tenant against the obligations owed by the defendant forms the primary issue of this appeal.
The plaintiffs claim that they were suing merely for back rents and not for breach of the lease agreement. Thus, they contend that any excess rents accruing during the balance of the lease term have no bearing on their claims for damages. In light of the fact that the plaintiffs would be entitled to such items as taxes, water rents, repairs and reletting expenses by virtue of the lease, we are treating this action as one for the breach of a lease agreement.
Many Connecticut cases have considered issues arising from the reletting of premises to a new tenant at a reduced rental. See White v. Miller,111 Conn. 53, 58, 149 A. 237 (1930); Boardman Realty Co. v. Carlin, 82 Conn. 413, 416, 74 A. 682
(1909); Miller v. Benton, 55 Conn. 529, 548,13 A. 678 (1887). None of these cases, however, has expressly ruled on the issue that has arisen in this appeal: Whether, when the new tenant pays a higher rent than the defendant was to have paid under the *Page 526 
terms of his lease, the landlord must apply this excess against other damages such as back rent, repairs, and the cost of reletting.
An analogous situation arose in Illinois in Wanderer v. Plainfield Carton Corporation, 40 Ill. App.3d 552,557, 351 N.E.2d 630 (1976). In that case a landlord sued his tenant for rent and damages when the tenant abandoned the premises after only six months of a five-year lease had elapsed. The landlord had been successful in reletting to a new tenant under another five-year lease which provided for a higher rental. The court held that the landlord was entitled only to recover for his actual losses due to the breach by the tenant. The court, therefore, credited the excess rental payments against other damages, including reletting costs. We conclude that the trial court in the present case was similarly justified in crediting excess rents against the damages sustained by the landlord.
This conclusion is bolstered by the terms of the lease agreement in this case. Paragraph seven of the lease provides that, in the event that the lessors (plaintiffs) relet the premises, they were to apply the rental payments received as a credit to the lessee (defendant) against the rental due the lessors and the expenses of reletting such as advertising, rental commission, decorating and repairs. Furthermore, the lessee was to be liable for a deficiency only in the event that the full rental was not realized by the lessor. While the plaintiffs were under no legal obligation to relet the premises, once they had done so, the rent received from the new lessee inured to the benefit of the defendant. White v. Miller, 111 Conn. 53,58, 149 A. 237 (1930).
A final principle which supports our conclusion is that the law of contractual damages generally seeks to put the injured party in the same position *Page 527 
he would have been in had the contract been performed. Belisle v. Berkshire Ice Co., 98 Conn. 689,700, 120 A. 599 (1923). Were we to refuse to credit the defendant with the excess rents which were received by the plaintiffs following the defendant's breach, the plaintiffs would be in a better position than they would have been had there been no breach.
Accordingly, the plaintiffs have failed to prove any debt owed to them because there were sufficient surplus rents to cover the damages to which they were entitled as well as any counsel fees allowable. The court was thus correct in rendering judgment for the defendant.
 There is no error.
In this opinion PARSKEY and D. SHEA, Js., concurred.