382 S.E.2d 507

**ROCKLEY MANOR**

v.

**Donald C. STRIMBECK, et al.**

**No. 17966.**

Supreme Court of Appeals of
West Virginia.

March 13, 1989.

Rehearing Denied July 20, 1989.

Andrew G. Fusco, John S. Dalporto, Fusco & Newbraugh, Morgantown, W.V., for Rockley Manor.

Robert W. Dinsmore, Ball & Dinsmore, Morgantown, W.V. for Donald C. Strimbeck.

PER CURIAM:

This is an appeal from a summary judgment ruling of the Circuit Court of Monongalia County. The dispute arises from a sale of real property to the plaintiff below, Rockley Manor, a partnership.* The plaintiff subsequently brought suit to rescind the transaction and/or to recover compensatory damages on the ground that the vendor, Donald C. Strimbeck, and the realtors, Vaughn Kiger and Dorsey & Kiger, Inc., had misrepresented the boundaries of the property. The circuit court ruled that the plaintiff had, as a matter of law, relied on its own independent investigation in purchasing the property and entered summary judgment in favor of the defendants. The plaintiff's principal contention on appeal is that the circuit court erred in ruling that

---

* The plaintiff is a West Virginia general partnership which was organized for the purpose of owning and occupying the property which is the subject of this dispute. The general partners are Wilford Ogden, Milar Puskan, James Fullmer, and John Hamrick.

the defendants were entitled to judgment as a matter of law.

The property which is the subject of this litigation consists of less than one acre of land located between Rockley Road and the shore of Cheat Lake in Monongalia County. A residence located on the property overlooks Cheat Lake. In 1971, Mr. Strimbeck purchased the house and the land underneath it, as well as a parcel of land between the front of the house and the lake. A neighboring landowner retained title to the land on either side of and to the rear of the residence, subject to a perpetual easement granted to Mr. Strimbeck for access to his house. Mr. Strimbeck subsequently leased this surrounding land from the owner.

In April, 1983, Mr. Strimbeck listed the property for sale with Dorsey & Kiger, Inc. To promote the sale of the property, Mr. Strimbeck prepared a detailed brochure which mistakenly indicated that he owned the land on either side of the house and leased only the land to the rear of the dwelling. The brochure also included, however, copies of all relevant deeds, plats, and leases with accurate descriptions of the boundaries of the Strimbeck property. When the plaintiff's general partners became interested in purchasing the property, they were given copies of Mr. Strimbeck's brochure. In addition, the defendants showed the property to the partners on several occasions.

On February 23, 1985, the parties executed a contract of sale contingent upon the determination by the plaintiff's attorney of the existence of the perpetual right of way. The defendants delivered copies of all deeds, leases, and plats relating to the property to the plaintiff's attorneys. In addition, the plaintiff's attorneys undertook an independent examination of the land records in the office of the county clerk. At the closing on April 1, 1985, the plaintiff's attorney presented a ten-page title report, certifying that Mr. Strimbeck owned the land in front of and to either side of the house and leased the land to the rear of the dwelling. However, the plaintiff's deed, which the attorney examined prior to the completion of the transaction, contained an accurate metes and bounds description of the property. This description did not include the property on either side of the house.

In February, 1986, the plaintiff instituted proceedings in the Circuit Court of Monongalia County, alleging that it had purchased the Strimbeck property in reliance on false, misleading, deceptive, and fraudulent misstatements and misrepresentations made by the defendants as to the boundaries of the property. The plaintiff sought rescission of the sale and/or compensatory damages of up to $250,000.

The defendants subsequently filed a motion for summary judgment, and a hearing was conducted thereon. By order dated November 14, 1986, the circuit court ruled that, as a matter of law, the plaintiff had not been induced to purchase the property by any misrepresentations of the defendants and granted the motion for summary judgment. The plaintiff's motion for reconsideration was denied by order dated December 11, 1986. It is from this order that the plaintiff prosecutes this appeal.

■ The principal issue in this appeal is whether the circuit court erred in ruling that the plaintiff could not, as a matter of law, demonstrate that it relied on the alleged misrepresentations of the defendants in purchasing the property. Clearly such reliance is essential to the plaintiff's right of recovery based on fraud, as we stated in Syllabus Point 1 of *Lengyel v. Lint*, 167 W.Va. 272, 280 S.E.2d 66 (1981):

> "The essential elements in an action for fraud are: '(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it.' *Horton v. Tyree*, 104 W.Va. 238, 242, 139 S.E. 737 [738] (1927)."

*See Muzelak v. King Chevrolet, Inc.*, 179 W.Va. 340, 368 S.E.2d 710 (1988); *Romano v. New England Mutual Life Ins. Co.*, 178 W.Va. 523, 362 S.E.2d 334 (1987).

It is well settled that "[o]ne to whom a representation has been made as an inducement to enter into a contract has the right to rely upon it as true *quoad* the maker, without making inquiry or investigation to determine the truth thereof." Syllabus Point 2, *Staker v. Reese*, 82 W.Va. 764, 97 S.E. 641 (1918). *See Morrison v. Bank of Mount Hope*, 124 W.Va. 478, 20 S.E.2d 790 (1942); *Gall v. Cowell*, 118 W.Va. 263, 190 S.E. 130 (1937); *Horton v. Tyree*, 104 W.Va. at 242, 139 S.E. at 738. Where, however, the purchaser *does* undertake further inquiry into the facts, he is charged with and presumed to rely on everything his investigation uncovers. As the Court stated in Syllabus Point 5 of *Jones v. McComas*, 92 W.Va. 596, 115 S.E. 456 (1922):

> "Though a purchaser may rely upon particular and positive representations of a seller, yet if he undertakes to inform himself from other sources as to matters easily ascertainable, by personal investigation, and the defendant has done nothing to prevent full inquiry, he will be deemed to have relied upon his own investigation and not upon the representations of the seller."

*See Farnsworth v. Duffner*, 142 U.S. 43, 12 S.Ct. 164, 35 L.Ed. 931 (1891); *Herrington v. Jones*, 117 W.Va. 188, 184 S.E. 853 (1936); *Ludington v. Renick*, 7 W.Va. 273 (1874). *See also Bostic v. Amoco Oil Co.*, 553 F.2d 329 (4th Cir.1977); *Richard v. Baker*, 141 Cal.App.2d 857, 297 P.2d 674 (1956); *Simmons v. Wooten*, 241 Ga. 518, 246 S.E.2d 639 (1978); *De St. Laurent v. Slater*, 19 Misc. 197, 43 N.Y.S. 63 (1896); *Corbett v. McGregor*, 62 Tex.Civ.App. 354, 131 S.W. 422 (1910).

▉ Here, the defendants did nothing to prevent full disclosure of the true facts to the plaintiff. Indeed, prior to the closing, they delivered to the plaintiff and its attorneys copies of deeds and leases containing metes and bounds descriptions of the boundaries of the Strimbeck property, as well as copies of a plat from which the location on the earth of those boundaries could be determined. Not content to rely on these documents, the plaintiff's attorneys conducted their own search of the recorded instruments, including the plat, a copy of which was attached to the title report presented at the closing. Other jurisdictions have held that such an investigation is sufficient notice of the true facts to warrant application of the presumption that the purchaser relied on the investigation, rather than any misrepresentations of the vendor. *See Shappirio v. Goldberg*, 192 U.S. 232, 24 S.Ct. 259, 48 L.Ed. 419 (1904); *Fireison v. Pearson*, 520 A.2d 1046 (D.C.App.1987); *Roland v. Hubenka*, 12 Cal.App.3d 215, 90 Cal.Rptr. 490 (1970); *Ryan v. Brady*, 34 Md.App. 41, 366 A.2d 745 (1976). *See generally* 37 Am.Jur.2d *Fraud and Deceit* § 448 (1968); 37 C.J.S. *Fraud* § 102 (1943).

Moreover, this is not a situation where the independent inspection was of a general nature, nor where the exercise of reasonable care would not have uncovered the defect. In such situations, the independent investigation doctrine is not controlling. *See Tooker v. Alston*, 159 F. 599 (8th Cir. 1907); *McCormick v. Miller*, 102 Ill. 208 (1881); *Matlack v. Shaffer*, 51 Kan. 208, 32 P. 890 (1893); *Woodward v. Western Canada Colonization Co.*, 134 Minn. 8, 158 N.W. 706 (1916); *MFA Mutual Ins. Co. v. Meisinger*, 183 Neb. 285, 159 N.W.2d 829 (1968); *Nichols v. Lane*, 93 Vt. 87, 106 A. 592 (1919).

We spoke to this situation in *Angrist v. Burk*, 77 W.Va. 192, 87 S.E. 74 (1915), where the purchaser of a lot on the corner of Princeton Avenue and Giles Street in Bluefield was allegedly told that all the charges for paying the adjoining city sidewalks and streets had been paid prior to closing. The purchaser's inquiry of city officials disclosed no assessment for the paving of Giles Street because the assessment for that work was not made until two months after the closing. We concluded that the purchaser did not have full knowledge from the inquiry, and held in Syllabus Point 5:

> "If, in such a case, the parties did not stand upon an equal footing respecting opportunity for knowledge of the truth, and the conduct of the falsifier, in the closing of the contract, was misleading,

the question of reliance upon the statement is one for the jury."

Here, as we have previously stated, the disputed question as to the extent of the ownership was resolved by the deeds of record to which the plaintiff and its attorneys had complete access. There was no issue of fact to be resolved. Under Rule 56(c) of the West Virginia Rules of Civil Procedure, " '[a] motion for summary judgment may only be granted where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.' Syllabus Point 2, *Mandolidis v. Elkins Indus., Inc.,* 161 W.Va. 695, 246 S.E.2d 907 (1978)." Syllabus Point 3, *Thomas v. Raleigh General Hospital,* 178 W.Va. 138, 358 S.E.2d 222 (1987).

For the foregoing reasons, the judgment of the Circuit Court of Monongalia County is affirmed.

Affirmed.

McGRAW, J., participated in this decision, but departed from the Court prior to the preparation of the opinion.

WORKMAN, J., did not participate in the consideration or decision of this case.