[L. A. No. 4590. Department One.—November 22, 1918.]

IDA F. FAY, Respondent, v. HELEN MATHEWSON, Appellant.

ACTION FOR FRAUD—SALE OF HOTEL AND EQUIPMENT—REMOVAL OF FURNITURE — MISREPRESENTATION AND CONCEALMENT — SUFFICIENCY OF EVIDENCE.—In this action for damages for alleged fraudulent acts and misrepresentations in connection with the sale of a hotel and its equipment, the evidence is held sufficient to sustain the plaintiff's claim that between the date of the giving of an option to purchase and the consummation of the sale the defendant caused to be surreptitiously removed from the premises large amounts of rare and valuable furniture and bric-a-brac other than articles specifically

excepted from the terms of the option, and substituted cheaper articles, with intent to defraud, and was guilty of misrepresentations and concealments.

ID.—REPRESENTATIONS—RIGHT TO RELY UPON.—It is held in this case that plaintiff was entitled, under the circumstances, to rely upon defendant's representations and assurances as to the identity and value of the property she was about to purchase.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frederick W. Houser, Judge.. Affirmed.

The facts are stated in the opinion of the court.

Oscar Lawler, and James E. Degnan, for Appellant.

Edwin A. Meserve, and I. Henry Harris, for Respondent.

RICHARDS, J., *pro tem.*—This is an action to recover damages for alleged fraudulent acts and misrepresentations in connection with the sale of the Hershey Arms Hotel and its equipment in Los Angeles by the defendant to the plaintiff. The complaint is in two counts which, while in the main identical, present somewhat different phases of the same transaction. The answer denies specifically all of the allegations of the complaint which refer to any fraudulent acts or misrepresentations on the part of the defendant. The case was tried before a jury, occupying several weeks, at the conclusion of which the jury rendered its verdict in the plaintiff's favor for the sum of twenty-two thousand dollars damages, for which judgment was accordingly entered by the court. The defendant's motion for a new trial was denied, whereupon she has taken and presents this appeal. The transaction out of which this action arose may be briefly stated as follows: On May 6, 1913, the defendant gave to the plaintiff a written option to purchase all of the right, title, and interest of the defendant in the lease of the premises occupied by the Hershey Arms Hotel, together with the good-will of its business and all of the furniture and equipment located in said hotel, except sundry articles belonging to guests of the hotel and also certain pieces of furniture, bric-a-brac, etc., which were to be enumerated on a list to be attached to said option, for the purchase price of seventy-five thousand

dollars, of which the sum of twenty-five thousand dollars was to be paid in cash at the time of the exercise of the option, five thousand dollars within ninety days thereafter, and the balance in three equal yearly payments. The list of furniture, etc., to be excepted from the terms of the option was not attached thereto, as stated therein, but was furnished by the defendant within a few days after the option had been signed. The option was to be exercised on or before May 14, 1913, but this time was extended through delays on the part of the defendant in procuring the consent of the owner of the premises to a transfer of the lease, and through various other causes, until July 17, 1913, when the transaction was consummated in accordance with the terms of said option, and the plaintiff entered into possession of the premises. Within a short time thereafter, according to the averments of the plaintiff's complaint, she discovered that the defendant had, between the dates of the giving of said option and of its exercise, and without the plaintiff's knowledge or consent, removed large and valuable portions of the furniture and equipment of said hotel other than the articles specified in the option as excepted from its terms and had replaced some of such abstracted furniture and equipment with other articles of a cheaper and inferior grade, thereby causing a diminution in the value of the furniture and equipment in said hotel at the time of the plaintiff's exercise of her option and purchase thereof, of $26,893.89. The plaintiff also alleged that between the time of the giving of said option and its exercise the defendant had assured said plaintiff that none of the furniture or equipment of said hotel had been or would be removed or changed in any way during said time, with the exception of the said listed articles, which assurances the plaintiff had believed and relied upon in consummating the transaction, all of which representations the plaintiff alleged to have been false and made knowingly with intent to deceive and defraud. All of these averments the defendant denied.

Upon the trial of the cause a large amount of evidence was presented on both sides in relation to these averments and denials. The transcript on appeal, consisting of two large volumes, is in the main made up of this evidence, and the extended briefs of counsel are practically wholly devoted to recitals of this evidence and to discussions *pro* and *con* as to its weight, sufficiency, and effect. It would serve no useful

purpose to attempt to review or discuss with anything of detail this mass of evidence or the comments of counsel thereon. It will be sufficient to say that we have examined the record with considerable care, and that from such examination we are satisfied that there is ample evidence to sustain the plaintiff's contention that between the date of the giving of the option in question and the consummation of the sale the defendant caused to be surreptitiously removed from the premises large amounts of rare and valuable furniture and bric-a-brac other than the articles specifically excepted from the terms of the option, and that in many cases other and cheaper articles were substituted for those so removed, with intent to deceive and defraud the plaintiff, and also that the defendant made the misrepresentations and indulged in the concealments to which the plaintiff and her witnesses testified, and that there is also ample evidence to justify the finding of the jury that by these acts and concealments the plaintiff was damaged to the extent of their verdict.

As to the defendant's contention that the parties were dealing at arm's-length in the transaction and that it was the plaintiff's duty to have informed herself at the time of the consummation of the transaction as to the identity and value of the furniture and equipment of the premises as compared with that existing when the option was given, we think the evidence abundantly shows that this would have been impossible, or at least extremely difficult, considering the vast variety and peculiar quality as to their sources and value of the furniture, equipment, and bric-a-brac in this large hotel, collected, as these had been, by the defendant from various quarters of the world and from all sorts of dealers in such rare and artistic articles as in the main constituted the most unique and valuable portion of the furniture and fittings of the ultra fashionable and exclusive hotel; and that, therefore, in view of the defendant's intimate and in a sense exclusive information and knowledge as to the sources and value of this vast and varied assortment of articles constituting the furnishing and equipment of her hotel, and also in view of the very limited opportunity, and, it may be said, purposely limited opportunity afforded the plaintiff to make such an investigation as would have led to a discovery of the truth respecting these matters, she was entitled to rely upon the defendant's representations and assurances as to the identity

and value of the property she was about to purchase. There are other phases of the transaction which are discussed in the briefs, but we do not deem it necessary to refer to them further than to say that they arise out of conflicts in the evidence and of the divergent views of counsel as to the weight and sufficiency of the evidence, all of which matters it was the province of the jury to determine. The appellant, in addition to her discussion of the evidence in the case, asserts that the court erred in giving or refusing certain instructions cited in her briefs. We have examined each of these instructions in the light of the whole body of the instructions, and we are satisfied that upon the whole the court instructed the jury fairly and fully as to the various legal phases of the case, and that no material prejudice was suffered by the defendant through any action of the court in relation to the instructions which she criticises. We have also examined the record as to the alleged errors of the court in its rulings upon the admission or rejection of evidence. The defendant supports her criticism of these rulings with little argument and no authority. We do not discover in any of them any substantial or sufficient error to warrant a reversal of the case.

Finding no reversible error in this record, the judgment and order are affirmed.

Sloss, J., and Victor E. Shaw, J., *pro tem.*, concurred.

Hearing in Bank denied.