[S. F. No. 15676. In Bank.—April 29, 1937.]

LEONIDE FLEURY, as Administratrix, etc., Appellant, v. H. F. RAMACCIOTTI et al., Respondents.

P. A. Bergerot and A. P. Dessouslavy for Appellant.

Byrne, Lamson & Jordan and John W. Skinner for Respondents.

LANGDON, J.—This action was brought to foreclose a mortgage. The court rendered a decree of foreclosure, but denied a deficiency judgment, and plaintiff appealed.

On October 1, 1925, defendants executed a note and mortgage to Leonide C. Auzerais, in the sum of $6,000, payable in two years. The payee died in 1930, and Norbert C. Babin, the executor of the payee's estate, inadvertently failed to enforce the obligation, with the result that the statute of limitations ran against it on October 1, 1931. Babin was an intimate friend and business associate of defendant Ramacciotti, and took the matter up with him, explaining the difficult situation in which he, Babin, was placed. Ramacciotti states that at this time he agreed to help Babin, offering to deed the property to the estate, or to permit foreclosure, provided that no deficiency judgment should be had against him. Thereupon, at Babin's request, Ramacciotti signed a document on October 10, 1931, predated as of September 15, 1931, in which he waived the defense of the statute of limitations in consideration of Babin's promise not to bring action on the note before April 1, 1932. After this period had elapsed, and on June 15, 1932, Ramacciotti executed a thirty-day renewal note and mortgage predated as of April 1, 1932, and received a surrender of the old note.

The present action on the new note was commenced on April 26, 1933. Ramacciotti defaulted. In October, 1933, Babin died, and plaintiff Fleury was substituted as administratrix with the will annexed. After Babin's death irregularities on his part were discovered. Ramacciotti then investigated, found that a decree of foreclosure and a deficiency judgment had been entered, and proceeded to have the default set aside and answer filed. The answer alleged that the understanding of the parties was that the new note should be so drawn as to prevent any deficiency judgment against the mortgagor, and that in reliance upon Babin's representation that it was so drawn, Ramacciotti had signed it without reading it. The trial court so found, and concluded that a deficiency judgment was not proper.

Although the evidence in support of these findings is largely the testimony of defendant Ramacciotti as to conversations between himself and Babin, it was sufficient, if believed by the trial court, to sustain the judgment. Moreover, the circumstances tend to establish defendant's version of the transaction. The statute of limitations had run on the original note, and there is no suggestion that it had been tolled for any reason. Notwithstanding the outlawry of the note, however, we find Ramacciotti signing a waiver, and per-

mitting it to be predated for Babin's protection; and we also find Ramacciotti signing a renewal note. This was done, it appears, because of their many years of friendship, and it is quite reasonable to suppose, as Ramacciotti testifies, that he intended to safeguard himself against personal liability. In addition there is the corroborative evidence of the witness W. H. Manaton, who testified to conversations with Babin, in which Babin stated that he had allowed the Ramacciotti mortgage to become outlawed and that he was very much worried about it. The witness testified: "I said 'You don't have to be disturbed about Ramie. Ramie will straighten the thing out. You need not worry. We are all friends.' He says, 'I am Ramie's friend. I hope he does this for me. If he does, I will not take a deficiency against him.' I said, 'I know he will do it.'" Manaton further testified that about six months later he had another conversation with Babin in which the latter said: "Ramie was perfectly wonderful about it. He executed a new mortgage and a new note, and it has all been arranged, so far as Ramie is concerned, there will be no deficiency judgment against him."

Plaintiff's contention that the evidence was admitted in violation of the parol evidence rule is of course untenable, for although a written instrument may supersede prior negotiations and understandings leading up to it, fraud may always be shown to defeat the effect of an agreement.

Plaintiff further contends that, assuming the fraud of Babin, defendant cannot set it up because of his carelessness in failing to read the renewal note, and that Ramacciotti was an experienced business man, not entitled to rely upon any representations of Babin. Plaintiff in this connection conceives the rule to be that only where confidential relations exist between the parties is one who negligently fails to read an instrument entitled to avoid it for fraud. Such is not, however, the view adopted by this court. In *California Trust Co.* v. *Cohn,* 214 Cal. 619 [7 Pac. (2d) 297], we declared that where failure to read an instrument is induced by fraud of the other party, the fraud is a defense even in the absence of fiduciary or confidential relations.

The judgment is affirmed.

Curtis, J., Seawell, J., Shenk, J., and Thompson, J., concurred.

Rehearing denied.