[Civ. No. 12441.  First Dist., Div. Two.  July 26, 1943.]

COLUMBUS A. SMITH et al., Respondents, v. KATH-
ERINE S. BROWN, Appellant.

Clarence N. Riggins for Appellant.

Wallace Rutherford and Joseph G. Gallagher for Respondents.

NOURSE, P. J.—The plaintiffs sued for the recission of a contract exchanging real property and for damages on the ground of fraudulent misrepresentations. The plaintiffs had judgment and defendant appeals from the judgment and especially attacks the order denying her motion for a new trial.

Plaintiffs owned real property in Napa County and defendant owned real property in Merced County. On July 5, 1939, they exchanged their properties by deeds executed, delivered and duly recorded. The property belonging to the defendant in Merced County had been encumbered by a mortgage to secure a promissory note executed in June, 1929. The payee of the note deceased in May, 1939, and at the time of the negotiations between the parties hereto the defendant had possession of both the note and mortgage, exhibited them to plaintiffs, and informed them that she had legal advice that the lien of the mortgage had been lost because the statute of limitations had run against the note, and suggested to plaintiffs that they consult the same attorney upon the same subject, which they did.

The plaintiffs also claimed that the transaction was fraudulent because of representations that the land in Merced County was unoccupied and that they could take immediate possession. Further statement of the facts will appear in our discussion of these two issues.

"In order that an action may lie, at law or in equity, on account of a fraudulent misrepresentation, such misrepresentation must be relied upon by the party to whom it is made. . . ." (12 Cal.Jur. 750.) "Unless an untrue statement is believed and acted upon, it can occasion no legal injury." (*Spinks* v. *Clark*, 147 Cal. 439 [82 P. 45].) "It is a fundamental principle of the law of fraud, regardless of the form of relief sought, that in order to secure redress, the representee

must have relied upon the statement or representation as an inducement to his action or injurious change of position." (23 Am.Jur. 939.) ■ Just as essential as the element of reliance upon the truth of the representations is the representee's belief that they are true, otherwise there is no deceit. (*Idem.* p. 943.) Accordingly recovery is not permitted when the representee makes his own investigation, discovers the true facts, and acts without reliance upon the representations. (12 Cal. Jur. 760.) ■ Nor may he recover where the alleged misrepresentations by one occupying no confidential relation toward him are but expressions of opinion, or statements of law, based upon facts known to both alike. (*Rheingans* v. *Smith,* 161 Cal. 362, 365 [119 P. 494, Ann.Cas. 1913B 1140] ; *Robbins* v. *Law,* 48 Cal.App. 555, 560 [192 P. 118] ; 12 Cal. Jur. 731.)

In this we have assumed a case of fraudulent misrepresentations which is based upon statements which are both fraudulent and untrue. ■ But, where the statements complained of are true in fact, they will not support a charge of fraud or deceit unless they were made in a manner designed to create a false impression and were so acted upon. (12 Cal. Jur. 743 ; 23 Am.Jur. 896.)

Here the allegations of the complaint are: "That on the 5th day of July, 1939, the defendant, Katherine S. Brown, with intent to cheat and defraud the plaintiffs above named, did falsely and fraudulently represent to the plaintiffs that said property in Merced County belonging to the defendant Katherine S. Brown was free and clear of any encumbrances and that there was no cloud upon the title of the said defendant Katherine S. Brown to said property, save and except for certain accrued real estate taxes. That said defendants also represented that said property was unoccupied and that the said Katherine S. Brown could place the said plaintiffs in immediate possession thereof." The trial court found that defendant "falsely and fraudulently, and with intent to induce the plaintiffs to make such exchange, did represent that her property was free and clear of all encumbrances, save some back taxes. That said property was encumbered by a mortgage, securing a note dated June 4, 1926, in the sum of Three Thousand ($3,000.00) Dollars payable to Alice Baker three years after date. That defendant knew said property was so encumbered, but falsely and fraudulently represented to plaintiffs that said mortgage was satisfied and had been

released to said defendant by Alice Baker prior to the death of said Alice Baker.''

If this finding could have any evidence to support it the variance between the allegations and the finding would not be of serious importance. But the testimony of every witness was without the slightest conflict directly contrary to the finding. These witnesses all agreed that during the negotiations the defendant did not falsely or otherwise represent to plaintiffs that her property was ''free and clear of all encumbrances,'' that, to the contrary, she did represent and inform them that the property was encumbered by a mortgage securing a promissory note for $3,000; that she put both note and mortgage in the hands of plaintiffs, that she informed them that she had been advised by her attorney that the note was outlawed and the lien lost, that she advised plaintiffs to seek legal advice as to the status of the mortgage, that plaintiffs consulted the same attorney and received the same legal advice.

The note and mortgage were dated June 17, 1929. Some interest had been paid on the note during the ten years it was outstanding. The payee had deceased in May, 1939. A short time before she visited the defendant and left with her the note and mortgage. The defendant has since claimed that a valid gift was made at that time, but this is not material to this litigation. What is material is that she ''represented'' to plaintiffs that the note and mortgage were outstanding—which was true—; that she had them in her possession—which was true—; that she had been advised by her attorney that the lien was extinguished because the note was outlawed—which was true, (section 2911 of the Civil Code) ; that she advised the plaintiffs to seek legal advice as to the effect of the mortgage, that they consulted the same attorney, and received the same advice, but were further advised that some expense might be incurred ''to clear the title.'' As a result of this advice the defendant executed a written agreement undertaking to hold plaintiffs harmless from any suit or claim arising out of the note, and to take such steps as might be necessary to secure the release of the mortgage and clear the title.

The only other charge of fraud relates to the representation that the premises were vacant. The trial court made no finding on this issue, but the undisputed evidence is that a ''share-crop'' tenant was in possession through permission of defendant's agent without her knowledge, that plaintiffs

visited the premises before the trade was made, found the tenant in possession, made an agreement with him to remain, and received about ninety dollars from the tenant for the share of the crop.

As a part of the trade defendant paid to plaintiffs the sum of $322 which they agreed to use in payment of delinquent taxes. On the hearing of the motion for a new trial it appeared that plaintiffs had failed to pay the taxes, or to account for the money, and that the property is lost to defendant because of the forfeiture and the expiration of the period of redemption. Hence, plaintiffs are no longer able to restore the consideration—that is they cannot return to her the Merced property which they received in the trade. What rights and liabilities the respective parties may be able to establish on a retrial we cannot say. It is sufficient that the judgment appealed from has no evidentiary support.

The judgment is reversed.

Spence, J., and Dooling, J. pro tem., concurred.

A petition for a rehearing was denied August 25, 1943.