[Civ. No. 15854. Second Dist., Div. Three. Nov. 5, 1947.]

MYRON BLACKMAN et al., Appellants, v. OREN HOWES et al., Respondents.

Cummins & Cummins and A. J. Blackman for Appellants.

W. L. Pollard and Guy F. Bush for Respondents.

VALLEE, J. pro tem.—Appeal from a judgment of non-suit in an action for damages sustained by reason of fraud in the sale of real property. Appellants alleged that respondents induced them to purchase a vacant lot upon the false and fraudulent representation that the lot was a solid lot, when in fact it was a filled lot, with resultant damage. The trial was without a jury.

The sole question here is whether there is any evidence which required the denial of the motion for a judgment

of nonsuit and it may be narrowed to the query: Is there any evidence that appellants relied upon the false and fraudulent representation of respondents that the lot was not a filled lot?

In stating the evidence, and in determining whether the judgment of nonsuit was proper, we accept as proved every fact which the evidence tended to prove and which was essential to be proved to entitle appellants to recover, we resolve every conflict in the evidence in favor of appellants, consider every inference which can be reasonably be drawn and every presumption which can fairly be deemed to arise in support of appellants, accept all evidence adduced, direct, indirect and circumstantial, which tends to sustain appellants' case, and disregard all inconsistencies and conflicting and contradictory evidence. (*Lashley* v. *Koerber,* 26 Cal.2d 83, 84 [156 P.2d 441]; *Kirk* v. *Los Angeles Ry. Corp.,* 26 Cal.2d 833, 837 [161 P.2d 673, 164 A.L.R. 1].) It seems a work of supererogation to have to state this elemental and oft-repeated principle. We do so because respondents argue as though we had before us an appeal from a judgment, supported by findings of fact and conclusions of law, which, in turn, are supported by the evidence.

Respondents Howes were the owners of a lot. They knew it was a filled lot. They employed respondent Deutsch, a licensed real estate broker, to sell the lot and told Deutsch at the time he was employed that it was a filled lot. Deutsch put a "For Sale" sign on the lot. Appellants had previously employed Antonson, a licensed real estate broker, to find a vacant lot for them. Antonson's wife, a licensed real estate saleswoman, worked for him. Antonson and his wife saw Deutsch's sign and showed appellants the lot. Negotiations for purchase and sale then began between the Antonsons and Deutsch. The entire transaction was handled by and between Deutsch and the Antonsons. The principals did not have any intercourse, one with the other, during the transaction. To all outward appearances the lot was a solid lot, not a filled lot. The fact that it was a filled lot could only be discovered by boring into the soil. During the negotiations, appellant Mrs. Blackman was told by a "neighbor," someone living in the vicinity of the lot, that the lot was a filled lot, that "it had been used as a dump and later filled in" and "not to buy it because it was a dump." Mrs. Blackman told her husband that the "neighbor" had told her the lot was filled.

This was before appellants made any agreement to purchase the lot and before they paid any money for the lot. Upon getting this information from the "neighbor," Mrs. Blackman immediately told Mrs. Antonson what the "neighbor" had told her and asked Mrs. Antonson to call Deutsch at once and ascertain whether the information was true. Mrs. Antonson then called Deutsch on the telephone and said " 'Mr. and Mrs. Blackman would like to know if this lot is a filled lot' and 'I think it is,' and Mr. Deutsch said, 'No, anybody can see it isn't a filled lot.' " Mrs. Antonson also testified that Deutsch said, "No, it is not a filled lot." Mrs. Antonson relayed the statement of Deutsch to appellants. Appellants testified that they relied upon Deutsch's statement that the lot was not a filled lot. Thereafter, they purchased the lot, paying $7,500 for it. They would not have purchased the lot had the representation not been made. Appellants employed a designer and builder to design and build a residence for them on the lot. Plans were prepared. They called for a foundation on a solid lot. When the builder started to excavate he discovered that the lot was filled and so informed appellants. This was the first time that appellants had definite information that the lot was filled. The plans had to be revised and the character of the foundation changed to fit the unanticipated conditions and the requirements of the Department of Building and Safety of the City of Los Angeles. The value of the lot filled was between 30 and 40 per cent less than the value of the lot unfilled, *terra firma.* Appellants went to considerable expense in redesigning a house and building on the filled lot which they would not have had to incur if the lot had been unfilled.

Respondents contend, in support of the judgment, that the statement of Deutsch to Mrs. Antonson was simply an expression of opinion, and that appellants had no right to rely, and did not rely, upon the statement of Deutsch.

A cause of action for fraud was proven if there is evidence that a material representation was made, that it was false, that respondents knew it to be false, that it was made with intent to induce appellants to rely upon it, that appellants reasonably believed it to be true, that it was relied upon by appellants and that appellants suffered damage thereby. All of these elements are present either by direct evidence or by reasonable inference. ■ When the facts are susceptible to opposing inferences, whether a party relied upon a false

representation, notwithstanding prior information which, if investigated, might have led to discovery of the falsity of the representation, is itself a question of fact to be determined by the trier of fact. (*Hobart* v. *Hobart Estate Co.*, 26 Cal.2d 412, 440 [159 P.2d 958].) ▮ Where one is justified in relying, and in fact does rely, upon false representations, his right of action is not destroyed because means of knowledge were open to him. In such a case, no duty in law is devolved upon him to employ such means of knowledge. (*Teague* v. *Hall*, 171 Cal. 668, 671 [154 P. 851].) "The mere circumstance that one makes an independent investigation or consults with others does not necessarily show that he relied upon his own judgment rather than upon the representations of the other party, nor does it give rise to a presumption of law to that effect." (*Sullivan* v. *Helbing*, 66 Cal.App. 478, 483 [226 P. 803].) ▮ A buyer is not chargeable with knowledge of conditions which he fails to discover because of some deception of the seller. (*Hanscom* v. *Drullard*, 79 Cal. 234, 237 [21 P. 736]; *Carpenter* v. *Hamilton*, 18 Cal. App.2d 69, 72 [62 P.2d 1397].) ▮ When, as here, the buyer has only a suspicion of fraud and the seller lulls the buyer into inaction by a false representation, the seller will not be permitted to assert that the buyer lost his rights by accepting the assurance of the seller that there was no fraud. (*Kalkruth* v. *Resort Properties, Ltd.*, 57 Cal.App.2d 146, 150 [134 P.2d 513].) ▮ It is only where a party to whom a representation is made has the means at hand for determining its truth or falsehood and resorts to such means, without interference by the other party, and after investigation learns that the statement was false, that he is precluded from asserting that he relied upon the representation. This is so because his investigation and ascertainment of the facts exclude the idea that any reliance was placed upon the falsehood. The law presumes, in such a case, that the party relied upon his own investigation and not upon the representations of the party with whom he is dealing. This rule, urged by respondents as applicable here, is stated in *Carpenter* v. *Hamilton, supra,* 18 Cal.App.2d 69, at page 71: "But the right to rely upon the representations, of course, does not exist where a purchaser chooses to inspect the property before purchase, and, in making such inspection, learns the true facts, for the obvious reason that he has not been defrauded unless he has been misled, and he has not been misled where

he has acted with actual or imputed knowledge of the true facts. (*Ruhl* v. *Mott,* 120 Cal. 668 [53 P. 304]; *Gratz* v. *Schuler,* 25 Cal.App. 117 [142 P. 899]; *Oppenheimer* v. *Clunie,* 142 Cal. 313 [75 P. 899].)'' There was no such state of facts before the trial court. Appellants could not, and did not, by inspection of the property before purchase, learn the true facts. ▉ A party, having information sufficient to arouse suspicion, is not precluded from recovery where the seller knows the facts and successfully allays the suspicion by a false and fraudulent representation. (*Feckenscher* v. *Gamble,* 12 Cal.2d 482, 495 [85 P.2d 885]; *Kramer* v. *Musser,* 57 Cal.App.2d 942 [136 P.2d 74].) ▉ Negligence of a plaintiff is no defense to an intentional misrepresentation. (*Seeger* v. *Odell,* 18 Cal.2d 409, 414 [115 P.2d 977, 136 A.L.R. 1291]; *Security-First Nat. Bank* v. *Earp,* 19 Cal.2d 774, 777 [122 P.2d 900].) Respondents' assurance could reasonably be found to have allayed any suspicion of appellants that the lot was filled. ▉ The applicable rule was stated in *Dow* v. *Swain,* 125 Cal. 674, 683 [58 P. 271], quoted with approval in *Shearer* v. *Cooper,* 21 Cal.2d 695 at page 704 [134 P.2d 764]: '' 'Every case must be judged for itself, and the circumstances which warrant or forbid relief cannot be scheduled. If the seller knows the facts [and to that should be added, or if he represents them as known to him], and the buyer is ignorant, and to the knowledge of the seller the buyer relies upon the representations,' there is no reason why relief should not be granted, 'although an imperfect examination was made. It may have been imperfect because of the representations.' (See, also, *Neff* v. *Engler,* 205 Cal. 484 [271 P. 744].)'' The misrepresentation was not such that its falsity must have been so obvious to the appellants as to preclude any justifiable reliance thereon by them. (*Seeger* v. *Odell, supra,* 18 Cal.2d 409, 414.) The truth of the representation could be checked accurately only by the employment of experts. ▉ A buyer is not required to employ experts to investigate matters of a technical nature, as to which the seller has full knowledge and the buyer none, and if for this reason the investigation is incomplete he (the buyer) may show that he relied upon the representation as to the matters which he did not investigate. (*Dow* v. *Swain, supra,* 125 Cal. 674; *Fay* v. *Mathewson,* 179 Cal. 318 [180 P. 939]; *Stockton* v. *Hind,* 51 Cal.App. 131 [196 P. 122]; *Carpenter* v. *Hamilton, supra,* 18 Cal.App.2d 69, 72; *Kramer*

v. *Musser, supra,* 57 Cal.App.2d 942, 946.) ▮ The statement of Deutsch to Mrs. Antonson was not simply an expression of opinion. It was a representation of a fact, that the lot was not a filled lot.

▮ In passing upon the motion for judgment of nonsuit, the trial court, with the evidence recited before it, could not indulge in any inference that appellants did not rely upon respondents' false and fraudulent representation. Neither, in view of the evidence, could it indulge in any inference that appellants were careless or indifferent to ordinary and accessible means of information as to the truth or falsity of the representation. The evidence is without conflict that the fact that the lot was filled was not obvious to anyone. It may reasonably be inferred that the false representation of respondents was made for the purpose of discouraging further investigation by appellants and for the purpose of inducing them to rely upon the representation alone. After respondents falsely stated to appellants that the lot was not a filled lot, appellants paid respondents $7,500, had a house designed for construction on a solid lot, and began excavating for foundations sufficient only for that house on a solid lot. From this evidence alone it may be inferred reasonably that respondents' false representation, in fact, did discourage the making of an investigation and that it was of such a nature as to lull appellants into a state of inaction. Appellants testified that they believed and relied upon respondents' representation that the lot was not filled and testified that they would not have purchased the lot had they known it was filled. The representation made to appellants was one calculated to induce them to buy the lot and they did, in fact, make the purchase. Under these circumstances, a strong inference may be drawn that the representation induced appellants to make the purchase. (*De Garmo* v. *Petitfils Confiserie,* 93 Cal.App. 261, 269 [269 P. 692] ; *Divani* v. *Donovan,* 214 Cal. 447, 453 [6 P.2d 247] ; *Pohl* v. *Mills,* 218 Cal. 641, 652 [24 P.2d 476].) Appellants had a right to rely upon respondents' representation and not make an investigation. There was no duty resting upon them to make an investigation after the positive, unequivocal statement of respondents that the lot was not a filled lot.

We conclude that the court erred in granting the motion for judgment of nonsuit.

Judgment reversed.

Shinn, Acting P. J., and Wood, J., concurred.