[Civ. No. 14374.  First Dist., Div. Two.  May 23, 1950.]

PATRICIA KING, Respondent, v. MILDRED A. MILLER et al., Appellants.

Joseph E. Isaacs, Alan H. Critcher and Martin J. Jarvis for Appellants.

Walter H. Duane for Respondent.

NOURSE, P. J.—Plaintiff sued to recover on a promissory note which was executed by defendants as final payment for a hotel lease owned by plaintiff.  The total price was $6,800 and defendants paid $4,000 cash.  Defendants claim that they were defrauded in the transaction, and cross-complained after notice of rescission to plaintiff for the $4,000 already paid.

The only question on this appeal is whether there was sufficient evidence to support the judgment.  There is no conflict over the facts that plaintiff advertised in a local newspaper for the purpose of selling the hotel lease; that the advertisement stated "Net income $500 Month"; and that the hotel was not earning anywhere near that figure when the advertisement was published, nor for some months prior thereto, nor since that date.

Appellants testified, and claim that the testimony is un-

controverted, that they believed the advertisement, relied on it, and that they were defrauded because respondent knew it to be false at the time it was printed.

The trial court did not find that the advertisement was untrue, but did find that all the allegations of fraud were untrue because appellants made an independent investigation of the premises and hence did not rely upon the advertisement.

The evidence supporting the judgment is that appellants, who were experienced in the rooming house business in San Francisco, visited the premises, learned that but three of the 20 rooms then had steady roomers and that respondent, because of other commitments, had been unable to attend to the business and that the income had fallen far below that advertised. Appellants later visited the premises with a friend of their selection who was an experienced real estate man. They inspected the premises thoroughly in company with the lessor of the building. The lack of roomers was discussed, and the lessor offered appellants free rent for one month to enable them to get the business started. From this evidence respondent contends that the purchase was made after personal investigation, with full knowledge of the probable income, and without reliance upon the statement in the advertisement.

We cannot say that the evidence did not support the finding and, this being so, the only question of law raised is whether a party can escape liability for fraudulent representations when the case shows that the other party did not rely on the misrepresentations and was not harmed by them. The authorities answer the question in the affirmative. An early case supporting the judgment is *Ruhl* v. *Mott*, 120 Cal. 668 [53 P. 304]. Authorities following the same rule of nonliability are: *Carpenter* v. *Hamilton*, 18 Cal.App.2d 69 [62 P.2d 1397]; *Smith* v. *Brown*, 59 Cal.App.2d 836 [140 P.2d 86]; *Blackman* v. *Howes*, 82 Cal.App.2d 275 [185 P.2d 1019, 174 A.L.R. 1004]; 12 Cal.Jur. 750; 23 Am.Jur. 939; 37 C.J.S. 406.

Since the appellants failed in their proof and the trial court believed the evidence of respondent showing no reliance on the representations, the appeal must fall.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.