[Civ. No. 9727. Fourth Dist., Div. One. Oct. 21, 1970.]

ARNOLD S. ROLAND et al., Plaintiffs and Appellants, v. ALBIN H. HUBENKA et al., Defendants and Respondents.

**COUNSEL**

Luce, Forward, Hamilton & Scripps and C. Douglas Alford for Plaintiffs and Appellants.

Wilson, Yale & Gant, Richard Gant, Todd & Toothacre, William L. Todd, Jr., and John R. Wingert for Defendants and Respondents.

## Opinion

COUGHLIN, J.—Plaintiffs appeal from a judgment in favor of defendants in an action for damages for fraud arising out of the sale of real property. Plaintiffs Roland, husband and wife, were purchasers; defendants Hubenka, husband and wife, were sellers; defendant Smith was a real estate broker whom the court found was an agent of Hubenka; and defendant Boyd was a salesman employed by Smith.

The action was premised upon alleged false representations by defendants respecting the size and boundaries of the property. Initially defendants sought rescission and damages, but at the trial waived their claim to rescission. Following presentation of plaintiffs' case defendants moved for judgment pursuant to section 631.8 of the Code of Civil Procedure. The court granted the motion; made findings of fact adverse to plaintiffs' position on the issues of fraud and damages; and entered judgment accordingly.

Plaintiffs, in their complaint, alleged defendants Boyd and Catherine Hubenka, respectively, represented the size of the property to be at least one acre, the property complied with zoning regulations requiring a minimum area of one acre, and "the most westerly extension of the southerly boundary of said property was located at a certain marker located approximately 250 feet westerly from the southeasterly corner of said property"; these representations were false; plaintiffs, in reliance on these representations, entered into a written agreement on February 3, 1966 for the purchase of the property; "defendants well knew that they had no reasonable ground for believing said representations to be true and made said representations with the intention that plaintiffs be thereby induced to purchase said property"; and as a result of the aforesaid false representations plaintiffs sustained damage. The court found defendants did not make the alleged representations; the property contained an area of .916 acres and is within a one-acre zone established by zoning regulations, but the fact the property contained less than a full acre did not constitute any detriment to its full use, enjoyment, ownership and value; the true boundaries of the property are as set forth in a map admitted in evidence which excludes a triangular parcel plaintiffs contend was within the boundaries as represented to them; the allegations in the complaint respecting plaintiffs' reliance and defendants' knowledge, were untrue; and, in substance, plaintiffs did not sustain any damage as a result of the representations.

Plaintiffs seek reversal upon the ground there is no substantial evidence in support of the findings. ▇ In the case at bench, as in most instances where a judgment follows granting a motion under section 631.8, the findings are negative; in effect determine the nonexistence of elements of fraud

essential to a cause of action; and may be predicated upon a lack of proof. (*Franco Western Oil Co.* v. *Fariss,* 259 Cal.App.2d 325, 328 [66 Cal.Rptr. 458]; *Greening* v. *General Air-Conditioning Corp.,* 233 Cal.App.2d 545, 550 [43 Cal.Rptr. 662].) In reality, plaintiffs contend the court erred in granting the motion under section 631.8 because the uncontradicted evidence, which it was not authorized to reject as a matter of law, compels the conclusion defendants are chargeable with actionable fraud resulting in damages. However, in urging there is no substantial evidence to support the findings, plaintiffs argue the sufficiency of the evidence to support the allegations of fraud in their complaint, citing cases involving motions for nonsuit; accept evidence the court was entitled to reject; and draw inferences the court was entitled to refuse to draw.

■ When the sufficiency of the evidence to support the findings is attacked on appeal from a judgment following the presentation of evidence by the plaintiff alone, the posture of the case is the same as that upon an appeal from a judgment following the presentation of evidence both by plaintiff and defendant. (*Franco Western Oil Co.* v. *Fariss, supra,* 259 Cal. App.2d 325, 328; *Greening* v. *General Air-Conditioning Corp., supra,* 233 Cal.App.2d 545, 550.) ■ Conflicts in the evidence, conflicting interpretations thereof, conflicting inferences which reasonably may be drawn therefrom, the refusal to draw inferences and the rejection of uncontradicted evidence premised upon a reasonable basis therefor, are matters subject to determination exclusively by the trial court. (*Tammen* v. *County of San Diego,* 66 Cal.2d 468, 477 [58 Cal.Rptr. 249, 426 P.2d 753]; *Dillard* v. *McKnight,* 34 Cal.2d 209, 223 [209 P.2d 387, 11 A.L.R.2d 835]; *Greening* v. *General Air-Conditioning Corp., supra,* 233 Cal.App.2d 545, 550; *Shields* v. *Shields,* 200 Cal.App.2d 99, 101-102 [19 Cal.Rptr. 129]; *Cottle* v. *Gibbon,* 200 Cal.App.2d 1, 4 [19 Cal.Rptr. 82]; *Welker* v. *Scripps Clinic etc. Foundation,* 196 Cal.App.2d 338, 342 [16 Cal.Rptr. 538].)

■ Under the pleadings, plaintiffs were required to prove defendants made a false representation respecting a material fact; the latter knew the representation was false or made it without any reasonable ground for believing it to be the truth; and plaintiffs relied upon the representation to their damage. (*Gonsalves* v. *Hodgson,* 38 Cal.2d 91, 100 [237 P.2d 656]; *Mercer* v. *Elliott,* 208 Cal.App.2d 275, 278 [25 Cal.Rptr. 217]; *Clar* v. *Board of Trade,* 164 Cal.App.2d 636, 644-645 [331 P.2d 89].) ■ A finding, supported by the record, of the nonexistence of any one or more of the foregoing elements essential to plaintiffs' cause of action supports the judgment in favor of defendants. (*Gonsalves* v. *Hodgson, supra,* 38 Cal.2d 91, 101; see also *Brewer* v. *Simpson,* 53 Cal.2d 567, 584 [2 Cal.Rptr. 609, 349 P.2d 289].)

The alleged misrepresentation respecting the boundaries of the parcel sold was made by Boyd, the real estate salesman, and by Mrs. Hubenka. The alleged representation respecting the size of the parcel sold was made by Boyd, alone.

Plaintiffs visited the property in question on several occasions; on their first visit were accompanied by Boyd; upon arrival met defendants' gardener, a man named Reithmiller; with Boyd and Reithmiller, engaged in a tour of the property; and followed along the boundaries which, in some instances, were marked by surveyor's posts. At the most southerly and westerly corner of the property toured there was a small pepper tree, the leaves of which covered a cement block with a surveyor's seal on it. Either Boyd or the gardener, Reithmiller, said this cement block represented the most southerly and westerly corner of the property. From this point plaintiffs' attention was directed to trees and a hedge purportedly marking the boundary line as it extended in a northeasterly direction to another surveyor's corner post. The cement block with a surveyor's seal, in truth, was not a corner of the property owned by defendants Hubenka. Instead, the true most southerly and westerly corner of the property was a considerable distance southerly and easterly from the cement block. As a consequence, a triangular portion of the property being viewed by plaintiffs was not a part of the property owned by the defendants Hubenka. Plaintiffs testified they intended to use this triangular portion for a swimming pool.

Boyd told plaintiffs the Hubenka property was in a zoning area prescribing one-acre parcels, and was one acre in size.

Thereafter plaintiffs made an offer to defendants Hubenka to purchase the property for $53,000.00. The Hubenkas rejected the offer, indicating they wished $55,000.00. The parties agreed upon the $55,000.00 price, and on February 3, 1966, executed written escrow instructions equating an agreement to purchase and sell for that amount.

It should be noted at this juncture the defendant Boyd alone allegedly had made the foregoing representations. The court found Boyd did not make the representation respecting the boundaries of the property and, in substance, rejected the evidence indicating he was the person who represented the cement block with the surveyor's seal was the most southerly and westerly corner of the property to be sold. There was evidence this representation might have been made by the gardener Reithmiller. The trial judge, in an oral opinion, expressed the belief the gardener was the only person making a representation respecting the location of the corner of the property at the cement block in question; and in doing so he acted without the scope of his employment. ██ The evidence shows the gardener was using the disputed triangular parcel, and the court was entitled to infer this use was premised

upon his belief the corner in question was marked by the cement block which prompted his statement in the premises. Thus the evidence presents a rational basis for rejection of the testimony Boyd made the representation and supports the finding he did not make the representation.

■ A short while after execution of the escrow instructions plaintiff, Mrs. Roland, an architect employed by her, and defendant Mrs. Hubenka were present when placement of improvements to the house and of a swimming pool were discussed. At this time, allegedly, Mrs. Hubenka made statements accompanied by gestures supporting an inference the property to be sold included the triangular portion in question. Mrs. Hubenka did not designate the cement block with the surveyor's seal as a corner marker, nor did she delineate the boundaries of the property in such a manner as to include the triangular parcel. The evidence respecting her statements and gestures was subject to interpretation; one interpretation would support the conclusion she indicated the triangular parcel was a part of the property sold; and another interpretation would support the conclusion she was not directing attention to any specific area. The court was entitled to adopt the latter interpretation or, because of the ambiguity implicit in the evidence respecting the meaning attributable to the statements and gestures, to reject it as evidence of a representation. Likewise, the court was entitled to refuse to draw the inference, premised upon this evidence, Mrs. Hubenka, by these statements and gestures, represented the triangular parcel was a part of the property to be sold. Thus the finding defendants Hubenka did not misrepresent the boundaries of the property is supported by the conclusion, implicit therein, there was no evidence of such misrepresentation, either by Boyd, as their agent, or by Mrs. Hubenka.

■ Even assuming Boyd and Mrs. Hubenka misrepresented the boundaries of the property, the record supports the finding neither of them had knowledge of the falsity of the representation or made it without reasonable grounds for believing it to be true. The trial judge, in his oral opinion, stated he believed the parties acted under a mistake with respect to the true boundary line of the property, but this was the mistake of the gardener for which defendants were not responsible. The evidence supports the conclusion the gardener knew of the cement block with the surveyor's seal; believed it to mark a corner of the property; and acted upon this belief in using the triangular parcel, a part of which was planted. There is no evidence the true owner of the triangular parcel ever objected to its use by defendants Hubenka. The court was entitled to conclude the defendants in good faith relied upon and in the exercise of ordinary care were entitled to rely upon a belief the marker in question designated a boundary corner. These conclusions, implicit in the finding aforesaid, are premised upon inferences reasonably deducible from the evidence and support the finding. In any event, the state

of the evidence was such the trial court, as the arbiter of the weight of the evidence, was entitled to conclude plaintiffs had not proven defendants made the representation respecting the boundaries without reasonable ground for believing it to be true. Thus, the finding is sustained on the basis of lack of proof.

■ Furthermore, the alleged misrepresentation respecting the boundaries does not support the action for fraud in light of the finding plaintiffs did not rely upon it. The misrepresentation attributable to Mrs. Hubenka's statements and gestures in the presence of Mrs. Roland and the architect occurred after the parties had entered into a written agreement for the purchase and sale of the property. This fact alone supports the conclusion, implicit in the finding, the factors motivating plaintiffs' purchase of the property occurred before execution of the written agreement; at this time had made up their minds to purchase the property; and in making the purchase, they did not rely upon Mrs. Hubenka's alleged misrepresentations. There was evidence showing plaintiffs obtained a plat of the property to be purchased shortly after execution of the written agreement. The evidence, including this plat, shows the southerly boundary of the property actually owned by defendants Hubenka and the adjoining southerly boundary of the triangle were adjacent to a street called Russell Road. The plat also shows that at the southwesterly corner of the property actually owned by defendants Hubenka, Russell Road proceeds northwesterly at a marked angle. The cement block with the surveyor's seal allegedly representing the most southerly and westerly corner of the property, is westerly from the true southwesterly corner; is also westerly of the aforesaid angle in the road; and adjoins the road where the latter continues on in a straight course. The court was entitled to conclude plaintiffs, who had been on the property several times before executing the written agreement, and who toured the boundaries of the property, knew the road did not angle in a northwesterly direction at the point marked by the concrete block with the surveyor's seal. Plaintiffs were intelligent, educated people. The court also was entitled to conclude the plat they asked for and received did not depict the boundaries of the property as allegedly represented to them because the southwesterly corner of the property, as depicted on the plat, was at the bend of the road whereas the southwesterly corner of the property as represented to them was a considerable distance northwesterly from the bend in the road. It is a matter of note plaintiffs were concerned about the boundaries of the property and for this reason obtained the plat which revealed the foregoing information. These circumstances support an inference plaintiff did not rely upon any representation by defendants respecting the boundary of the property, but sought independent information respecting such and this information revealed the triangle in question was not a part of the property included within the description thereof

as set forth in the written agreement. In addition, plaintiffs employed an architect, who was furnished a plat of the property similar to the one they had obtained, and who sketched a site plan for improvements to be placed on the property. The site plan was drawn to scale; shows the relationship between the boundaries of the property and the buildings thereon; and demonstrates the nonexistence of the triangular portion allegedly represented to be a part of the property to be purchased. The fact plaintiffs had knowledge the property they were purchasing did not include the triangular portion but they nevertheless consummated the transaction, supports the conclusion they did not rely upon the alleged representations the cement block with the surveyor's seal represented the most southerly and westerly corner of the property; such a representation was not material to the transaction; or such representation was not made.

Assuming the representations the property to be sold was one acre in size and was within an area zoned for one-acre parcels were made, the findings of the court plaintiffs did not rely upon them in consummating the transaction is fatal to the asserted cause of action for fraud premised thereon. (*Elkind* v. *Woodward,* 152 Cal.App.2d 170, 174 [313 P.2d 66]; *Smith* v. *Brown,* 59 Cal.App.2d 836, 838 [140 P.2d 86].) There is evidence plaintiffs were concerned respecting the boundaries and size of the property to be purchased; requested and received the plat delineating the boundaries; observed on the plat a notation the size of the property was 0.93 acres; called this fact to the attention of Boyd who, they say, told them the property was in an area zoned for one-acre parcels and occasionally the plats issued by title companies were inaccurate; made no other inquiry concerning the acreage; and did not, at any time, consult the Hubenkas about the matter. After receiving the plat plaintiffs furnished copies thereof to their architect, building contractor, and pool contractor. Each of these plats contained the notation the parcel was 0.93 acres in size. ■■■ The architect's application, on behalf of plaintiffs, for a building permit stated the land area was 0.93 acres. Although plaintiffs testified they undertook and completed the sale in reliance upon the representations by Boyd the property was one acre in size, the circumstances aforesaid justified rejection of their testimony. (Cf. *Carpenter* v. *Hamilton,* 18 Cal.App.2d 69, 75 [62 P.2d 1397].)

Plaintiffs claim the assurance by Boyd the property was located in an area zoned for one-acre parcels and his suggestion the plat showing the property to contain only 0.93 acres was inaccurate justified their completion of the transaction without further investigation, relying upon the rule stated and applied in *Harper* v. *Silver,* 200 Cal.App.2d 103, 109 [19 Cal.Rptr. 78] and *Blackman* v. *Howes,* 82 Cal.App.2d 275, 280 [185 P.2d 1019, 174

A.L.R. 1004]. However, the trial court was not required to accept plaintiffs' testimony they interviewed Boyd respecting the acreage notation on the plat, or Boyd's asserted assurance in the premises. The property actually was located in an area zoned for one-acre parcels. Assuming Boyd represented this to be a fact, the representation was not false. The court was not required to infer from such a representation Boyd further represented the particular property was one acre in size. Moreover, the fact plaintiffs furnished their architect, building contractor and pool contractor with a copy of the plat, without any correction respecting the acreage notation, and caused their architect to apply for a building permit which declared the size of the property was 0.93 acres, supports an inference plaintiffs were not misled by any misrepresentation respecting the size of the property and intended to proceed with the transaction even though the area involved was less than one acre.

The discrepancy between the boundaries and the size of the parcel as represented and the boundaries and size as shown on the plat, respectively, should have alerted plaintiffs concerning the reliability of each representation. Where a buyer learns one representation by a seller is false, he may not assume other representations by the seller were true. (*Evans* v. *Duke*, 140 Cal. 22, 26-27 [73 P. 732]; *Ruhl* v. *Mott*, 120 Cal. 668, 676-677 [53 P. 304]; *Podlasky* v. *Price*, 87 Cal.App.2d 151, 163 [196 P.2d 608]; *Carpenter* v. *Hamilton, supra*, 18 Cal.App.2d 69, 75; *Nicolaisen* v. *Toffelmier*, 97 Cal.App. 342, 343 [275 P. 823].) "Reliance generally is a question of fact." (*City of Salinas* v. *Souza & McCue Construction Co.*, 66 Cal.2d 217, 224 [57 Cal.Rptr. 337, 424 P.2d 921].) The evidence in the case at bench supports the conclusion the court was authorized to reject plaintiffs' claim they relied upon the alleged misrepresentations respecting the boundaries and size of the property they purchased and supports its finding of the nonexistence of reliance.

Plaintiffs also contend the court erred in the rejection of evidence. One instance involved sustaining an objection to a question directed to the issue whether plaintiff Mrs. Roland relied upon the statements and gestures by the defendant Mrs. Hubenka which were made after the written agreement had been executed by the parties. Assuming the question was proper, no prejudice occurred because, as heretofore noted, the court found the statements and gestures in question were not misrepresentations respecting the boundaries or size of the property and its finding in the premises is supported by the record. (*People* v. *Watson*, 46 Cal.2d 818, 836 [299 P.2d 243].) Other instances involved sustaining objections to questions respecting damages. However, even though the findings on the issue of dam-

ages were adverse to plaintiffs, the judgment is sustained on other findings, and any error in rejecting evidence on that issue is not prejudicial.

The judgment is affirmed.

Brown (Gerald), P. J., and Ault, J., concurred.